UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
WILLIAM F. OSBORNE, : CASE NO. 1:15-CV-2233
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 15, 17, 21]
CAROLYN W. COLVIN, :
ACTING COMMISSIONER :
OF SOCIAL SECURITY, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

## I. Introduction

Plaintiff William Osborne challenges the denial of his application for Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").[1] Magistrate Judge Jonathan D. Greenberg recommends affirming the Administrative Law Judge's ("ALJ") denial of benefits.[2] For the reasons stated below, this Court **GRANTS IN PART** the Plaintiff's objections, **REVERSES** the ALJ's decision, and **REMANDS** the ALJ's decision for further proceedings consistent with this order.

---

[1] Doc. 1. Plaintiff raises these challenges under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 et seq.
[2] Doc. 17. Plaintiff objected. Doc 20. Defendant responded. Doc. 21.

Case No. 1:15-CV-2233
Gwin, J.

## II. Background

At its core, this case deals with whether ALJ Edmund Round properly followed a remand order when he concluded that Plaintiff Osborne was not disabled from April 30, 2003 through March 27, 2011.[3]

On March 27, 2008, Osborne filed applications for POD, DIB, and SSI, alleging a disability onset date of April 30, 2003. Plaintiff claimed he was disabled due to grand mal seizures, liver and pancreas damage, epilepsy, lower back pain, depression, anxiety, and short term memory loss.[4]

ALJ Kurt Ehrman denied Osborne's applications,[5] so he appealed the decision to the Northern District of Ohio.[6] On September 17, 2013, Magistrate Judge Kathleen Burke reversed and remanded ALJ Ehrman's decision.[7]

On remand, a new ALJ, Edmund Round, denied Osborne benefits. ALJ Round concluded that Osborne was not disabled from April 30, 2003 through March 27, 2011.[8] Osborne challenged ALJ Round's decision in this Court on October 30, 2015.[9]

On October 20, 2016, Magistrate Judge Jonathan Greenberg recommended affirming ALJ Round's denial of benefits.[10] On December 14, 2016, Plaintiff Osborne filed four objections to the report and recommendation ("R&R").[11] This Court reviews Osborne's objections *de novo*.[12]

---

[3] In a separate SSI application, Osborne was adjudicated disabled as of March 28, 2011. Doc. 10 at 567-76.
[4] *Id.* at 125, 130.
[5] *Id.* at 20-30. This case's procedural posture is complicated by the retirement of the original ALJ and magistrate judge assigned to this case.
[6] *Osborne v. Comm'r of Soc. Sec. Admin.*, 2013 WL 5221107, at *1 (N.D. Ohio Sept. 17, 2013).
[7] *Id.* at *14.
[8] Doc. 10 at 492-502.
[9] Doc. 1.
[10] Doc. 17.
[11] Doc. 24.
[12] 28 U.S.C. § 636(b)(1) (requiring *de novo* review of the claimant's objections to a report and recommendation).

Case No. 1:15-CV-2233
Gwin, J.

### III. Legal Standard

In reviewing an ALJ's disability determination under the Social Security Act, a district court reviews whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[13] Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14]

A district court is limited in what it can review. Specifically, a district court should not try to resolve "conflicts in evidence or decide questions of credibility."[15] A district court also may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[16] District courts review decisions of administrative agencies for harmless error.[17]

Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[18] This Court cannot reverse the ALJ's decision, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion.[19]

### IV. Discussion

Plaintiff Osborne objects to Magistrate Greenberg's R&R. Osborne says that ALJ Round violated Magistrate Burke's remand instruction. Osborne says that Magistrate Buke asked ALJ Round to better explain how Osborne could still work despite his limitations and Round failed to

---

[13] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[14] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).
[15] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[16] *See Siterlet v. Sec. of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that an ALJ's decision cannot be overturned so long as substantial evidence supported the ALJ's decision).
[17] *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009).
[18] *Richardson*, 402 U.S. at 401.
[19] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

-3-

Case No. 1:15-CV-2233
Gwin, J.

do so.[20] Osborne also argues that ALJ Round improperly evaluated the opinions of three doctors who examined him—Drs. Ahan, Korick, and Zeck. The Court examines these objections in turn.

    A. ALJ Round violated Magistrate Burke's remand instruction

Plaintiff says that, on remand, ALJ Round failed to follow Magistrate Burke's remand instruction to address Osborne's residual functional capacity ("RFC").[21]

In disability cases, a claimant's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.[22] The RFC is important because an ALJ uses it to determine whether a claimant can participate in the workforce or is disabled.[23] An ALJ relies on medical testimony to determine a claimant's RFC.

In his original decision, ALJ Ehrman found that Osborne was moderately limited in concentration, persistence, and pace.[24] Ehrman did not, however, sufficiently explain this finding when he determined Osborne's RFC. In effect, Ehrman failed to explain why Plaintiff could still work despite these limitations in concentration, persistence, and pace. Therefore, on remand, Magistrate Burke instructed that:

> [T]he ALJ should provide further explanation as to how he accounted in the RFC for his findings of moderate limitations in concentration, persistence *and* pace, or alternatively, explain why additional restrictions beyond simple, routine, and repetitive tasks and occasional supervision were not necessary.[25]

---

[20] *Osborne v. Comm'r of Soc. Sec. Admin.*, 2013 WL 5221107, at *1 (N.D. Ohio Sept. 17, 2013).
[21] Doc. 20 at 1.
[22] Doc. 10 at 500.
[23] 20 C.F.R. 404.1520.
[24] Doc. 10 at 25.
[25] *Osborne v. Comm'r of Soc. Sec. Admin.*, 2013 WL 5221107, at *14 (N.D. Ohio Sept. 17, 2013).

Case No. 1:15-CV-2233
Gwin, J.

On remand, ALJ Round also concluded that the Plaintiff has moderate difficulties with concentration, persistence, and pace.[26] Plaintiff Osborne says that ALJ Round made the same mistake as ALJ Ehrman—Round failed to sufficiently account for Osborne's moderate limitations in concentration, persistence, and pace when Round crafted Osborne's RFC.[27]

"[O]n the remand of a case after appeal, it is the duty of the . . . agency from which appeal is taken, to comply with the mandate of the court and to obey the directions therein without variation and without departing from such directions."[28] "Deviation from the court's remand order in subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."[29] "[T]he administrative law judge may not do anything expressly or impliedly in contradiction to the district court's remand order."[30] However, "[t]hese cases do not

---

[26] Doc. 10 at 503.
[27] Doc. 20 at 3.  Doc. 13 at 13.  Here is ALJ Ehrman's RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant is limited to never climbing ladders or scaffolding; no more than frequently climbing ramps and stairs; occasional balancing; no more than frequently stoop, kneel, crouch, or crawl.  The claimant is to avoid concentrated exposure to excessive noise and to excessive vibration; avoid all unprotected heights, and moving machinery. Available positions must not require operation of a motor vehicle. The claimant is restricted to simple, routine and repetitive tasks, with only occasional supervision, occasional interaction with co-workers, and isolation from the public. Doc. 10 at 26.

Here is ALJ Round's RFC:

> The claimant retails the following residual functional capacity. He has no exertional limitations. He is precluded from using ladders, ropes and scaffolds and from all exposure to workplace hazards such as unprotected heights and moving machinery. He is precluded from occupational driving. He is limited to simple, routine, low stress tasks. This means the following. He is precluded from work in fast-paced production environments. He is limited to superficial interaction with supervisors, coworkers and the public. He is precluded from tasks requiring arbitration, negotiation, confrontation, directing the work of others, or being responsible for the safety of others. *Id.* at 504.

[28] *Mefford v. Gardner,* 383 F.2d 748, 758 (6th Cir. 1967).
[29] *Sullivan v. Hudson,* 490 U.S. 877, 886 (1989) (citing M*efford,* 383 F.2d at 758–59).
[30] *Hollins v. Massanari,* 49 Fed. App'x 533, 536 (6th Cir. 2002).

-5-

Case No. 1:15-CV-2233
Gwin, J.

preclude the ALJ from acting in ways that go beyond, but are not inconsistent with, the district court's opinion."[31]

ALJ Round failed to comply with Magistrate Burke's remand order. ALJ Round never explained "how he accounted in RFC for his findings of moderate limitations in concentration, persistence *and* pace."[32] ALJ Round and ALJ Ehrman's decisions each suffer the same hole: neither establishes how their respective RFCs account for Osbourne's limited concentration, persistence and pace. Each decision lists medical professionals' findings regarding Osborne's concentration, persistence, and pace, but neither decision uses those findings to explicitly account for concentration, persistence, and pace in its RFC recommendation.[33]

This error is not harmless.

On one hand, the error seems formalistic. In his original decision, ALJ Ehrman wrote "Thus, the RFC accounts for the claimant's limitation with focusing and concentrating by requiring occasional supervision."[34] Perhaps Ehrman could have avoided Magistrate Burke's original remand if he had added *persistence and pace* to that sentence as well as a few lines of analysis. Likewise, ALJ Round's decision would probably have complied with the remand if he spent a few sentences explicitly connecting the medical professionals' findings on Osborne's concentration, persistence, and pace with his RFC recommendation.

On the other hand, thorough consideration of Plaintiff Osborne's concentration, persistence, and pace capabilities could be outcome determinative. The extensive record

---

[31] *Id.*
[32] *Osborne v. Comm'r of Soc. Sec. Admin.*, 2013 WL 5221107, at *14 (N.D. Ohio Sept. 17, 2013) (emphasis in original). Round could have also followed Magistrate Burke's remand by explaining "why additional restrictions beyond simple, routine, and repetitive tasks and occasional supervision were not necessary." *Id.* He did not do so.
[33] ALJ Ehrman noted that "[t]wo non-treating [disability determination services] sources had previously reviewed the case and agreed as to moderate limitations in regard to concentration, persistence, and pace." Doc. 10 at 28. ALJ Round wrote that Dr. Zeck had "found that the claimant was mildly limited in his ability to maintain attention, concentration, persistence, and pace to perform simple, repetitive tasks." *Id.* at 505.
[34] Doc. 10 at 28.

Case No. 1:15-CV-2233
Gwin, J.

indicates that this is a close case.[35] After connecting Osborne's concentration, persistence, and pace limitations to his RFC, an ALJ could conclude that Osborne could not work from April 30, 2003 through March 27, 2011.

Therefore, this Court remands this case back to the ALJ with the same instructions Magistrate Burke gave: The ALJ should provide further explanation as to how he accounted in the RFC for his findings of moderate limitations in concentration, persistence *and* pace, or alternatively, explain why additional restrictions beyond simple, routine, and repetitive tasks and occasional supervision were not necessary.

B. ALJ Round stated "good reasons" for discounting Dr. Ahn's opinion

Plaintiff Osborne argues that ALJ Round failed to give good reasons for discounting the opinion of Dr. Ahn, Osborne's treating psychiatrist, when Round decided that Osborne was not disabled.[36] Dr. Ahn had stated that Osborne was "markedly" limited in interacting appropriately with others, keeping a regular work schedule, performing work activities at a reasonable pace, and maintaining attention for two-hour periods of time.[37] This Court, however, agrees with Magistrate Judge Greenberg: ALJ Round supported his decision to discount Dr. Ahn's opinion with "good reasons."

Under the treating physician rule, "treating source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable

---

[35] For instance, after listing Osborne's various impairments, Dr. Koricke summarized that Osborne "lacks the mental consistency required to adequately and regularly complete work-related tasks." *Id.* at 228. Dr. Koricke also found that Osborne "shows limitations in the area of relating to others, attention, concentration, persistence, and memory deficits that would affect his ability to perform work related tasks." *Id.*
[36] Doc. 20 at 4-6.
[37] Doc. 10 at 465.

-7-

Case No. 1:15-CV-2233
Gwin, J.

clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'"[38]

An ALJ can give a treating source's opinion less than controlling weight, however, if he gives "good reasons" for doing so. "Good reasons" are reasons that are sufficiently specific to make clear to any subsequent reviewers the weight given to the treating physician's opinion and the reasons for that weight.[39]

In deciding the weight give to a treating physician's opinion, the ALJ must consider factors such as (1) the length of the treatment relationship and the frequency of the examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as whole, (5) the specialization of the source, and (6) any other factors that tend to support or contradict the opinion.[40] An ALJ is not required to provide "an exhaustive factor-by-factor analysis."[41]

ALJ Round's stated reasons for discounting Dr. Ahn's opinion constitute "good reasons." Round noted that Dr. Ahn had only treated Osborne for four months when Dr. Ahn made the diagnoses in question.[42] Furthermore, Round discounted Dr. Ahn's findings because they were "not supported by Dr. Ahn's subsequent treatment notes which establish that the claimant was doing well on his medication."[43] These are "good reasons" supported by substantial evidence.

Plaintiff notes that other doctors support Dr. Ahn's conclusion that Osborne struggles to sustain work.[44] Plaintiff contends ALJ Round should have discussed why he did not give weight

---

[38] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)).
[39] *Id.*
[40] *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007).
[41] *See Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011).
[42] Doc. 10 at 506; *see also* Doc. 17 at 40.
[43] Doc. 10 at 506. For example, Dr. Ahn's treatment notes say Osborne "reported that he has noticed some improvement in his anxiety, as well as being able to sleep better" and "[t]he patient has had increasing anxiety and depression during the holidays, but is feeling better now that it is over." *Id.* at 708-09.
[44] Doc. 20 at 5.

-8-

Case No. 1:15-CV-2233
Gwin, J.

to the consistency among these opinions.[45] This argument loses because an ALJ is required only to support its decision with substantial evidence, not exhaust every possible argument.[46]

ALJ Round gave good reasons for discounting Dr. Ahn's opinion.

C. Substantial evidence supports ALJ Round's evaluation of Dr. Koricke's opinion

Plaintiff says ALJ Round erred when he did not address specific language in opinions from Doctors Koricke and Zeck. Plaintiff is wrong. ALJs must support their findings with substantial evidence, but they do not need to directly address every phrase in every medical opinion they evaluate.[47]

Here, substantial evidence supports ALJ Round's evaluations of Drs. Koricke and Zeck's opinions.

*Weighing Dr. Zeck's Opinion*

ALJ Round gave "great weight" to Dr. Zeck's opinion.[48] Round noted that Zeck described Osborne as moderately limited and scored Osborne's Global Assessment of Functioning ("GAF")[49] at 52—conclusions Round found were "supported by the overall evidence in the record."[50]

Substantial evidence supports this conclusion. A 52 GAF correlates with moderate symptoms such as few friends and a flat affect.[51] Dr. Zeck notes that Osborne has a girlfriend

---

[45] *Id.*
[46] *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).
[47] *See, e.g.*, *Divins v. Astrue*, 2012 WL 220246, at *11 (S.D. Ohio Jan. 25, 2012) ("There is no requirement that the ALJ adopt the precise language offered by a medical source, as long as the ALJ's conclusion as to a claimant's RFC is supported by substantial evidence.").
[48] Doc. 10 at 505; see also *id.* at 304-11. Dr. Zeck performed a consultative psychological exam on Osborne.
[49] According to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM–IV"), the Global Assessment of Functioning scale considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Patients are assigned a score on a scale of 0-100. The scale is available at http://www.albany.edu/caps/gaf/.
[50] Doc. 10 at 505
[51] *Diagnostic and Statistical Manual of Mental Disorders* at 34 (American Psychiatric Ass'n, 4th ed., 2000).

Case No. 1:15-CV-2233
Gwin, J.

and a flat affect.[52] This is substantial evidence supporting ALJ's Round's decision to give "great weight" to Dr. Zeck's opinion.

*Weighing Dr. Koricke's opinion*

ALJ Round accorded only "some weight" to Dr. Koricke's opinion.[53] Round noted that Dr. Koricke diagnosed Osborne as moderately impaired,[54] but then assigned him a GAF score of 45.[55] ALJ Round then concluded Dr. Koricke's opinion deserved less weight because a 45 GAF indicates serious symptoms and Dr. Koricke had only diagnosed Osborne as moderately impaired.[56]

This conclusion is based on substantial evidence. A 45 GAF correlates with severe symptoms such as suicidal ideation and no friends.[57] Dr. Kornicke's notes indicate that Osborne occasionally talks to friends on the phone[58] and does not have suicidal ideation.[59] Therefore, substantial evidence supports ALJ Round's decision to assign "some weight" to Dr. Koricke's opinion.

---

[52] Doc. 10 at 307-08.
[53] *Id.* at 505-06. Dr. Koricke performed a consultative psychological exam on Osborne.
[54] *Id.* at 505. "She opined that the claimant was moderately limited in his ability to relate to others, understand, remember and follow directions, maintain attention and concentration, and withstand the stress and pressures associated with day to day work activity, because these findings are supported by the record."
[55] *Id.*
[56] *Id.* at 505-06.
[57] *Diagnostic and Statistical Manual of Mental Disorders* at 34 (American Psychiatric Ass'n, 4th ed., 2000).
[58] Doc. 10 at 227.
[59] *Id.* at 226.

-10-

Case No. 1:15-CV-2233
Gwin, J.

## V. Conclusion

In accordance with the foregoing opinion, this Court **GRANTS in PART** the Plaintiff's objections, **REVERSES** the ALJ's decision, and **REMANDS** the ALJ's decision for further proceedings consistent with this order.

IT IS SO ORDERED.


Dated: March 6, 2017                         *s/        James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE